UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

John Robert Demos,
   Petitioner,

v.                 Civil Action No. 5:10-CV-88

The State of Washington,
The President of the United States, The
Secretary of the U.S. Department of the
Interior, The U.S. Attorney General, and
The U.S. Bureau of Indian Affairs,
   Respondents.

## REPORT AND RECOMMENDATION
(Doc. 1)

  John Robert Demos, proceeding *pro se*, seeks to file a petition for writ of habeas corpus challenging his 1978 burglary conviction in the State of Washington.  Briefly stated, his claim is that the State of Washington had no jurisdiction to convict him because all states west of the Allegheny Mountains are, by treaty, Native American lands.  As he explains in his petition, "[m]y argument is that since Washington was made a state in violation of numerous treaties, and treaty provisions, that the State of Washington lacked any criminal jurisdiction over me at my court trial."  For the reasons set forth below, I recommend that the petition be DISMISSED for lack of jurisdiction.

## I. Petitioner's Litigation History

  In 1994, one federal court noted that Demos has a "long history of filing frivolous pleadings."  *Demos v. Shalala*, 1994 WL 238840, at *1 (D.D.C. May 16, 1994).  In fact, since 1991 he has filed over 100 petitions around the country.  *See Demos v. Glebe*, 2010

WL 1253532, at *1 (N.D. Okla. March 22, 2010). Since January 1, 2010 alone, he has

filed at least nine habeas corpus actions in other federal district courts. *Id.* The instant

case is Demos' fourth filing in the District of Vermont. *See Demos v. United States*, No.

1:08-CV-167; *Demos v. U.S. Sec'y of State*, No. 1:04-CV-293; *Demos v. U.S. Attorney

General*, No. 2:01-CV-157.

In 1991, the United States Supreme Court barred Demos from filing any further

petitions for extraordinary writs, including petitions for writs of habeas corpus in that

court. *In re Demos*, 500 U.S. 16 (1991). In this District, Judge Murtha warned Demos

in 2008 that "future frivolous filings in this District may result in an injunction and, if

necessary, sanctions." *Demos v. United States of America*, No. 1:08-CV-167 (Doc. 4 at

2). This is Demos' first filing here since Judge Murtha's order.

## II. *In Forma Pauperis* **Motion**

Before determining the proper disposition of the case, the Court must first assess

Demos' motion to proceed *in forma pauperis*. Preliminarily, I note that the "three

strikes" prohibition set forth in the Prison Litigation Reform Act does not apply to habeas

petitions. *See Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir. 1996), *overruled on other

grounds by Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Based upon the representations

made in the accompanying affidavit, I recommend that the Court conclude that Demos

lacks sufficient funds to pay the filing fee. Accordingly, his motion (Doc. 1) should be

GRANTED.

## III. Jurisdiction

Notwithstanding the fact that the Court should allow Demos to proceed *in forma pauperis*, this case should be DISMISSED for lack of jurisdiction. Because Demos is challenging the validity of his conviction, the Court should construe his filing as a petition brought pursuant to 28 U.S.C. § 2254. As such, it must be filed in the district where the underlying conviction and sentencing took place. 28 U.S.C. § 2241(d); *see Demos v. Bush*, 31 Fed. Appx. 270, 271 (4th Cir. 2002).

Demos was convicted in the State of Washington. His only asserted connection to the District of Vermont is his claim that his "domicile" is here. Consequently, pursuant to 28 U.S.C. § 2241(d), any petition challenging his conviction must be filed in the appropriate federal district court in the State of Washington.

A district in which a case is improperly filed must dismiss the action unless the interests of justice warrant a transfer to a more appropriate jurisdiction. 28 U.S.C. § 1406(a). In this case, the Court should find that the interests of justice would not be served by transferring the case because the petition is clearly successive. *See In re Demos*, 2001 WL 1488174, at *1 (D.C. Cir. Oct. 10, 2001).

Demos has filed twenty-five habeas petitions in Washington, over a hundred others in districts throughout the country, and a petition similar to the recently dismissed in the Northern District of Oklahoma. *See Demos v. Glebe*, 2010 WL 1253532, at *1 (N. D. Okla. March 22, 2010). In doing so, he has failed to allege grounds to overcome § 2244's restrictions on bringing second or successive petitions. 28 U.S.C. § 2244(b). Consequently, this Court lacks jurisdiction to review his filing. If grounds for review

3

exist, he must follow the appropriate procedure for seeking relief on successive petitions, and must do so in the appropriate jurisdiction. *Id.* (requiring authorization from the Court of Appeals for successive petitions). I therefore recommend that the Court decline to transfer the case under 28 U.S.C. § 1406, and instead DISMISS it for lack of jurisdiction.

I further recommend that the Court warn Demos, once again, that frivolous filings will not be tolerated, and that future frivolous filings in this District may result in an injunction and, if necessary, sanctions.

Dated at Burlington, in the District of Vermont, this 22nd day of April, 2010.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge


Any party may object to this Report and Recommendation within 14 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* Local Rules 72(a), 72(c), 73; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(d).