UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JOHN ROBERT DEMOS, JR., )
)
Petitioner, )
)
v. ) Case No. 5:10-CV-88
)
THE STATE OF WASHINGTON, )
THE PRESIDENT OF THE UNITED )
STATES, THE SECRETARY OF THE )
U.S. DEPARTMENT OF THE INTERIOR, )
THE U.S. ATTORNEY GENERAL, and )
THE U.S. BUREAU OF INDIAN AFFAIRS, )
and THE STATE OF VERMONT, )
)
Respondents. )

## OPINION AND ORDER
## ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION
(Doc. 2)

This matter came before the court on the Objection of John Robert Demos ("Petitioner") (Doc. 4) to the Magistrate Judge's Report and Recommendation. (Doc. 2.) The Report and Recommendation was filed on April 22, 2010.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Perez-Rubio v. Wycoff*, 718 F. Supp. 217, 227 (S.D.N.Y. 1989). The district judge may "accept, reject, or modify, in whole or in part, the magistrate's proposed findings and recommendations." *Perez-Rubio*, 718 F. Supp. at 227. A *de novo* determination pursuant to Section 636(b)(1) "permit[s] whatever reliance a district court, in the exercise of sound judicial discretion, [chooses] to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447

U.S. 667, 676 (1980). *Pro se* parties are generally accorded leniency when making objections. *Walker v. Vaughn*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Vasquez v. Reynolds*, 2002 WL 417183, at *5 (S.D.N.Y. Mar. 18, 2002)). Nevertheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Dixon v. Ragland*, 2007 WL 4116488, at *1 (S.D.N.Y. Nov. 16, 2007) (citation omitted).

Mr. Demos's Objection to the Report and Recommendation focuses upon his being denied access to the courts, contains general observations concerning his incarceration, and questions the application of the "Three Strikes Rule" against him. *See* 28 U.S.C. § 1915(g). Even if the court were to construe these objections as directed to specific portions of the Report and Recommendation, the court finds that they have no merit. The Magistrate Judge has correctly determined that any claims Mr. Demos has relating to his conviction do not lie in this judicial district. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (observing that § 2241's general habeas provisions do not "permit a prisoner to file outside the district of confinement"); *Demos v. Bush*, 31 F. App'x 270, 271 (4th Cir. 2002) ("We note that, to the extent that Demos seeks to challenge a Washington conviction, the federal district court in the Southern District of West Virginia lacks jurisdiction to consider a 28 U.S.C.A. § 2254 (West 1994 & Supp. 2001) petition challenging that conviction. *See* 28 U.S.C. § 2241(d) (1994).")

The Magistrate Judge also properly concluded that a transfer of Mr. Demos's petition to the District of Washington is not warranted because it was clearly a successive petition pursuant to 28 U.S.C. § 2244(b). *See Demos v. Glebe*, 2010 WL 1253532, at *1 (N.D. Okla. Mar. 22, 2010) (holding that, while transfer of a habeas petition to the appropriate district court may be warranted if it is in the interest of justice, *see* 28 U.S.C. § 1631, such transfer was not warranted because Demos was subject to statutory restrictions on pursuing a second or successive habeas petitions, having filed twenty-five habeas corpus actions in the Western District of Washington and eight habeas corpus actions in other federal courts.).

Accordingly, after careful review of the file and the Magistrate Judge's Report and Recommendation, this court hereby ADOPTS the Magistrate Judge's findings and recommendations in full for the reasons stated in the Report.
SO ORDERED.

DATED at Burlington, in the District of Vermont, this 6th day of July, 2010.

Christina Reiss
United States District Court Judge